UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORTHWEST ADMINISTRATORS, INC., | ) ) | |
| | ) | No. C10-1950 CW (BZ) |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) | |
| EL CAMINO PAVING, INC., a California Corporation, | ) ) ) | **REPORT AND RECOMMENDATION FOR DEFAULT JUDGMENT** |
| | ) ) | |
| Defendant(s). | ) ) | |
| _____ | ) | |

Plaintiff Northwest Administrator Inc.'s motion for entry of default judgment against defendant El Camino Paving, Inc. has been referred to me for a report and recommendation. Defendant has not appeared in this action and did not respond to plaintiff's motion.  The following is a report and recommendation for entry of default judgment.

On May 5, 2010, plaintiff filed a complaint under § 301(c)(1) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1

1   1132.   The complaint alleges that defendant violated the

2   provisions of a collective bargaining agreement and a trust

3   agreement that required defendant to make regular

4   contributions and to submit reports of its employees' work

5   hours at regular intervals to the Western Conference of

6   Teamsters Pension Trust Fund that plaintiff administers.

7   Docket No. 1 ¶¶ 6, 7, 8, 9.   The complaint seeks actual

8   damages "according to proof" for all contributions due,

9   interest provided for by the contract, liquidated damages,

10  attorneys' fees, and costs.

11      Plaintiff effected service of process of the complaint on

12  May 26, 2010.   Defendant failed to answer the complaint or

13  otherwise defend the action.   On July 19, 2010, upon

14  plaintiff's request, the clerk of this court entered

15  defendant's default under Rule 55(a).   By its default,

16  defendant is deemed to have admitted the well-pleaded

17  averments of the complaint except those as to the amount of

18  damages.   Fed. R. Civ. P. 8(d).

19      Pursuant to Rule 55(b)(2), the court may enter a default

20  judgment against a party against whom default has been

21  entered.   The decision to grant or deny a default judgment

22  under Rule 55(b) is within the discretion of the Court.   Eitel

23  v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).   A formal

24  hearing is not required for a court to render a default

25  judgment.   Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981).

26      A court may not enter a default judgment against an

27  unrepresented minor, an incompetent person, or a person in

28  military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. §

1    521.  Defendant, as a corporation, is not subject to these

2    limitations.

3         Section 1132(g)(2) of ERISA provides that in an action to

4    enforce payment of delinquent contributions:

5            "the court shall award the plan—
                 (A) the unpaid contributions,
6                (B) interest on the unpaid contributions,
                 (C) an amount equal to the greater of—
7                    (i) interest on the unpaid contributions,
                     or
8                    (ii)liquidated damages provided for under
                     the plan in an amount not in excess of 20
9                    percent. . . of the amount determined by the
                     court under subparagraph (A),
10               (D) reasonable attorney's fees and costs."

11   An award under section 1132(g)(2) is mandatory if:  (1) the

12   employer is delinquent at the time the action is filed; (2)

13   the district court has entered a judgment against the

14   employer; and (3) the plan provides for such an award.

15   Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257

16   (9th Cir. 1996) (citing Idaho Plumbers and Pipefitters Health

17   and Welfare Fund v. United Mechanical Contractors, Inc., 875

18   F.2d 212, 215-16 (9th Cir. 1989)).

19        Here, plaintiff has provided evidence demonstrating that

20   defendant is delinquent in its contribution payments. Docket

21   Nos. 15 Ex. 4; 16 Exs. 1, 2.  Plaintiff has also provided

22   documentation demonstrating that the plan is entitled to the

23   awards outlined in its motion. Docket Nos. 1; 15 Ex. 3. Thus,

24   plaintiff has satisfied the statutory requirements of Section

25   1132(g) of ERISA and is entitled to relief.

26        In its motion, plaintiff seeks damages totaling

27   $7,590.15.  This includes $6,149.00 in unpaid contributions,

28   $141.35 in interest as of the date of this recommendation, and

1    $1,299.80 in liquidated damages. Docket No. 14.

2         Along with its motion for default judgment, plaintiff

3    submitted the declaration of Michael J. Carroll, plaintiff's

4    counsel, that listed the amount of attorneys' fees and costs

5    associated with this litigation.  Docket No. 17. Plaintiff

6    also submitted a declaration by Diane Andrade, manager of the

7    Trust Fund Delinquency Collection Department at Erskine &

8    Tully. Docket No. 16.  Andrade's declaration documents

9    defendant's delinquent contributions which are $6,149.00 and

10   calculates applicable interest and liquidated damages. Docket

11   No. 16.

12        Under section 1132(g)(2) of ERISA, plaintiff is entitled

13   to an award of interest and liquidated damages on delinquent

14   contributions. Interest on unpaid contributions is calculated

15   according to rate provisions specified in the Pension Trust

16   Fund agreement, which is currently set at 4 percent.[1] 29

17   U.S.C. § 1132(g)(2)(B). Accordingly, plaintiff is entitled to

18   interest at the rate of 4 percent. As of December 15, this

19   amounts to $141.35 in interest.

20        Liquidated damages on unpaid contributions are also

21   calculated according to provisions specified in the Pension

22   Trust Fund agreement, but may not exceed 20 percent of the

23   contributions due. 29 U.S.C. § 1132(g)(2)(C)(ii). The

24   _____

25        [1]    Article IV, Section 3(d)of the trust fund agreement
     specifies that interest will be calculated at the rate
     specified by 26 U.S.C. §  6621. Docket No. 15 Ex. 3. The
26   current underpayment rate prescribed by this section is 4
     percent. I.R.S., *Interest Rates Remain the Same For the Fourth*
27   *Quarter of 2010*,
     http://www.irs.gov/newsroom/article/0,,id=226694,00.html(last
28   visited Nov. 22, 2010).

                                    4

1    agreement calls for liquidated damages at the maximum allowed,

2    20 percent. Docket No. 15 Ex. 3 Art. IV, Sec. 3(b)(2)(B).

3    Accordingly, plaintiff is entitled to liquidated damages equal

4    to 20 percent of the contributions due which is $1,299.80.

5         Plaintiff also seeks $740.00 in attorneys' fees.

6    Reasonable attorneys' fees and costs may be awarded to a Trust

7    Fund that receives a judgment in its favor.  29 U.S.C. §

8    1132(g)(2)(D). The Ninth Circuit employs the lodestar approach

9    to determine whether a fee request is reasonable.  Jordan v.

10   Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987).

11   "The 'lodestar' is calculated by multiplying the number of

12   hours the prevailing party reasonably expended on the

13   litigation by a reasonable hourly rate."  Camacho v.

14   Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  The

15   lodestar is deemed to be presumptively reasonable, though the

16   district court has the discretion to consider an upward or

17   downward adjustment.  Id.

18        In support of its motion for attorneys' fees, plaintiff's

19   counsel submits a declaration asserting that he spent "in

20   excess of 4 hours in the prosecution of this case." Docket No.

21   17. Plaintiff's attorney billed $180 per hour on this matter.

22   I am satisfied that this hourly rate and the hours charged for

23   the work performed by plaintiff's attorney are reasonable for

24   this type of case.  Plaintiff's attorney, however,

25   miscalculated the fees due for the time that he accounted for.

26   Accordingly, I recommend that plaintiff be awarded attorneys'

27   fees in the amount of $720.00.

28        Plaintiff additionally seeks $670.00 for costs that

1  consist entirely of filing fees and service costs.  Docket No.

2  17.  These costs were reasonable and necessarily expended on

3  this case.  Accordingly, I recommend that plaintiffs be

4  awarded all of their costs.

5       For the foregoing reasons, I recommend that judgment be

6  entered in plaintiff's favor against defendant in the amount

7  of **$8,980.15**.  This amount includes: $6,149.00 in unpaid

8  contributions, $141.35 in interest, $1,299.80 in liquidated

9  damages, $720.00 in attorneys' fees, and $670.00 in costs.

10  Dated: December 15, 2010

11                               _____
                                     Bernard Zimmerman
12                               United States Magistrate Judge

13
    G:\BZALL\-BZCASES\NORTHWEST ADMIN V. EL CAMINO (R&R)\R&R DEFAULT JUDGMENT
14  Northwest Admin v El Camino Paving 112410.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28